Grafton
No. 95-615

STATE OF NEW HAMPSHIRE

v.

MICHAEL ENO

April 8, 1999

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Richard C. Guerriero, Jr.*, public defender, of Keene, by brief and orally, for the defendant.

THAYER, J. The defendant, Michael Eno, pleaded guilty to two misdemeanor charges of intentionally contributing to the delinquency of a minor and was ordered to pay restitution to his victim for medical expenses allegedly associated with his conduct. *See* RSA 169-B:41, I (1994) (amended 1995). On appeal, he argues the Superior Court (*Sullivan*, J.) denied him due process when it determined restitution. We vacate and remand.

Following an investigation into the conduct of the defendant and another high school teacher, a Grafton County Grand Jury indicted the defendant for tampering with a witness. *See* RSA 641:5 (1996).

Pursuant to a plea bargain agreement, the State *nol prossed* the indictment, and the defendant pleaded guilty to two related misdemeanor charges. One charge alleged that while employed as a high school teacher and coach, the defendant contributed to the delinquency of a minor by providing alcohol to, and engaging in a sexual relationship with, a high school student. The second charge alleged that the defendant contributed to the delinquency of a minor by providing alcohol to another high school student and suggesting that she withhold information from authorities investigating the defendant's inappropriate sexual relationship with the student in the first charge.

At the plea and sentencing hearing, the Trial Court (*Fitzgerald*, J.) imposed the sentence negotiated by the parties. The sentence on the second misdemeanor included an assessment of a $2,000 fine, deferred for two years, and a restitution order "for all [of this victim's] uninsured losses as recommended by the Probation officer or by the Court, after hearing, at the request of the defendant or the Department of Corrections." The fine was to be reduced dollar for dollar by amounts paid in restitution.

Pursuant to the probation officer's recommendation, the department of corrections determined that the defendant was responsible for $5,682.15, which represented one-half of the uninsured losses the victim sustained from psychological treatment related to the conduct of the defendant and a fellow teacher. When the defendant challenged the calculations, the department requested a hearing. At the hearing, the prosecutor explained the history of the case and offered the victim's medical records and bills into evidence. The prosecutor also informed the court that a further psychological evaluation of the victim assessing the causal connection between the defendant's conduct and the treatment required would be available within the next month. The defendant received copies of the medical bills, but not the medical records. The court denied the defendant's request to review the medical records, citing the victim's statutorily protected right of privacy. Following an *in camera* review of the records, the court upheld the department of corrections' restitution determination.

■ On appeal, the defendant contends the trial court violated his right to due process under both the State and Federal Constitutions by ordering restitution based on medical records that the defense was not allowed to access or challenge. The defendant's objection below, however, only referred to the "defendant's right to a fair hearing" without specifying which constitutional provisions were

allegedly being violated and whether his claim was founded upon State or federal grounds. Before triggering a State constitutional analysis, the defendant must unambiguously and specifically assert the State constitutional foundation for his objection. *State v. Dellorfano*, 128 N.H. 628, 632-33, 517 A.2d 1163, 1166 (1986). Because the hearing record does not clearly indicate a State constitutional foundation for the defendant's objection, we will limit our analysis to the defendant's federal constitutional right to due process. *Id.* at 633, 517 A.2d at 1166.

■ The defendant argues that his federal constitutional right to due process at a sentencing hearing applies to his restitution hearing. We agree. An order for restitution is part of the sentencing process, *see* RSA 651:63 (1996) (amended 1996); therefore, the same fair sentencing procedures apply. *See United States v. Mischler*, 787 F.2d 240, 247-48 (7th Cir. 1986). In performing its duties, a sentencing court has broad discretion in choosing the sources and types of evidence on which to rely. *United States v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991); *see also State v. Naughton*, 139 N.H. 73, 78, 650 A.2d 327, 331 (1994). "It is well settled, however, that a defendant has a due process right to be sentenced upon information which is not false or materially incorrect." *Curran*, 926 F.2d at 61. Accordingly, our review of the process of determining the amount of restitution concerns the quality and veracity of the information used and "the ability of the defendant to have a meaningful opportunity to point to its deficiencies." *Naughton*, 139 N.H. at 78, 650 A.2d at 331. The court in its discretion may withhold certain documents from the defendant that the court has determined are privileged. *United States v. Alvarado*, 909 F.2d 1443, 1446 (10th Cir. 1990). The defendant, however, must be provided a meaningful opportunity to rebut the evidence that bears on the sentence. *Curran*, 926 F.2d at 61-62.

The State argues that the medical bills indicating the dates, cost, and general type of treatment, coupled with the court's summary of the medical records, sufficiently informed the defendant of the evidence before the court. The defendant, however, contends that because he was denied access to the medical records upon which the court relied to determine restitution, he was denied the opportunity to rebut the evidence before the court.

The victim's medical records are statutorily protected by the physician-patient privilege. RSA 329:26 (1995) (amended 1995, 1996); *see also State v. Elwell*, 132 N.H. 599, 604-05, 567 A.2d 1002, 1005 (1989). In light of that privilege, the prosecutor did not review

the records but submitted them to the trial court to review *in camera*. Based on its *in camera* review, the court found the defendant liable for one-half of the uninsured losses.

 "As we have frequently held, the physician-patient privilege is not absolute and must yield when disclosure of the information concerned is considered essential." *Nelson v. Lewis*, 130 N.H. 106, 109, 534 A.2d 720, 722 (1987) (quotation omitted). Due process does not require a sentencing court to disclose all the information it receives and considers; rather, the court must balance the competing interests of the defendant "with the need to safeguard confidentiality and to avoid the attendant risk of harm" to the victim. *United States v. Woody*, 567 F.2d 1353, 1361 (5th Cir.), *cert. denied*, 436 U.S. 908 (1978). Federal courts have achieved this balance by providing the defendant with a summary of the confidential factual information to be relied on in determining sentencing, so as to afford the defendant a fair opportunity to examine and challenge it. *United States v. Scalzo*, 716 F.2d 463, 467 (7th Cir. 1983). The summary should be as specific as the facts and circumstances of the case permit to adequately "balance the policy of making disclosure as specific as possible with the need to preserve confidentiality." *Id.*

 The trial court relied solely upon the medical records to determine whether the defendant's conduct caused the victim's need for medical treatment. After reviewing the records, the court summarized its conclusions based on the facts the records revealed. The summary contained brief references to the type of treatment and the causes precipitating the need for treatment. The court did not disclose facts specifically relating to the facts supporting the charge. Under these circumstances, the court should have provided the defendant a summary of the specific facts or access to as much of the records as it relied upon, in a timely manner, to afford the defendant an opportunity to rebut the facts upon which the court relied in making its determination. *See Curran*, 926 F.2d at 63. Therefore, we vacate the trial court's decision and remand for a new hearing.

Finally, because we believe the issue will arise again on remand, we provide the trial court with guidance in ordering restitution. The State and the defendant agree that restitution is limited to losses that arise from the conduct underlying the offense for which the defendant was convicted. The defendant, however, asserts that the amount of restitution should be limited to the extent that the conduct actually caused the treatment the victim required.

■ The legislature created our restitution scheme

> to encourage the compensation of victims by the person most responsible for the loss incurred by the victim, the offender. Restitution by the offender can serve to reinforce the offender's sense of responsibility for the offense, to provide him the opportunity to pay his debt to society and to his victim in a constructive manner, and to ease the burden of the victim as a result of the criminal conduct.

Laws 1981, 329:1. To serve these purposes, the definition of victim under the statute is limited to individuals who have suffered an "economic loss as a direct result of an offender's criminal conduct." RSA 651:62, VI (1996) (amended 1996); *see also State v. Springer*, 133 N.H. 223, 225-26, 574 A.2d 1381, 1382-83 (1990). Accordingly, restitution orders are similarly limited. "The amount of compensation available to victims of crimes has been [further] limited by the legislature" to those economic "losses which are easily ascertained and measured." *State v. Fleming*, 125 N.H. 238, 242-43, 480 A.2d 107, 110-11 (1984); *see* RSA 651:62, III (1996) (amended 1996). Accordingly, the defendant may be held liable for economic losses directly resulting from the factual allegations that support the conduct covered by the misdemeanor conviction. *Cf. Hughey v. United States*, 495 U.S. 411, 413 (1990) (under similar federal statute, restitution limited to "the loss caused by the specific conduct that is the basis of the offense of conviction").

■ Determining the appropriate restitution amount is within the discretion of the trial court. *See Fleming*, 125 N.H. at 241, 480 A.2d at 109. If the factual basis for restitution is disputed, however, the State must prove by a preponderance of the evidence "that the loss or damage is causally connected to the offense. and bears a significant relationship to the offense." *Glaubius v. State*, 688 So. 2d 913, 915 (Fla. 1997); *see also United States v. Forzese*, 756 F.2d 217, 222-23 (1st Cir. 1985). Where several factors contribute to the loss suffered by the victim, the court should apportion the costs so that the ordered restitution reasonably represents the amount of the loss the victim sustained as a result of the offense. *See Com. v. Boyles*, 595 A.2d 1180, 1189-90 (Pa. Super. Ct. 1991), *alloc. denied*, 613 A.2d 556 (Pa. 1992); *Wetherington v. State*, 672 So. 2d 586, 587 (Fla. Dist. Ct. App. 1996): In order to determine the appropriate apportionment, the court may require the benefit of expert testimony. *Cf. Com. v. Balisteri*, 478 A.2d 5, 9-10 (Pa. Super. Ct. 1984) (where other factors may have contributed to need for psychiatric care, appellate court unable to review propriety of apportioning restitution without

benefit of expert testimony). Moreover, where criminal activity is undertaken in concert with others, a defendant may be held responsible for all of the loss caused by the criminal activity. *State v. Wells*, 861 P.2d 828, 829-30 (Kan. Ct. App. 1993). Therefore, on remand the court should differentiate the harm related to the factual allegations supporting the defendant's charged conduct from other causes and apportion the restitution accordingly. Further, if the court finds that the defendant acted in concert with the other teacher, the defendant may be held liable for all of the loss attributable to the charged conduct.

*Vacated and remanded.*

All concurred.