Strafford
No. 2000-393

THE STATE OF NEW HAMPSHIRE

v.

BETTINA L. BURR

October 12, 2001

*Philip T. McLaughlin,* attorney general (*Ann M. Rice,* senior assistant attorney general, on the brief and orally), for the State.

*Carl D. Olson,* assistant appellate defender, of Littleton, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Bettina L. Burr, appeals from the Superior Court's (*Mohl,* J.) order requiring her to pay restitution to the Cocheco Valley Humane Society (CVHS) in connection with her negotiated plea of guilty to twenty counts of animal cruelty. *See* RSA 644:8 (1996 & Supp. 2000) (amended 2000). We affirm in part, vacate in part and remand.

The relevant facts follow. The defendant entered guilty pleas on twenty counts of animal cruelty stemming from her inhumane treatment of twenty Sharpei dogs. The court ordered the defendant to pay restitution to CVHS, the agency that rescued the dogs. The parties do not dispute that for purposes of this appeal only, CVHS is a "victim" under RSA 651:62 (Supp. 2000). The defendant moved to dismiss the restitution order on the ground that CVHS had "received donations directly related to [the defendant]'s case" that exceeded the amount of CVHS' claimed losses. Therefore, the defendant argued, if restitution was ordered, CVHS would receive double recovery for its losses in violation of RSA 651:63, I (Supp. 2000).

The trial court denied the defendant's motion to dismiss, noting that "[t]he fact that as a result of the widespread public and media attention to the case, CVHS' donations increased significantly does not lessen or vitiate the claim for restitution under the statute." The defendant moved for reconsideration, which the court denied. The court then ordered the defendant to pay restitution in the amount of $43,158.84 to CVHS.

The sole issue for our consideration on appeal and the sole issue we decide is whether the voluntary public donations that CVHS received constitute "compensation" under RSA 651:63, I.

"This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. When construing its meaning[,] we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Estate of Van Lunen*, 145 N.H. 82, 85 (2000) (quotation and brackets omitted). "[W]e construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result." *Id.*

RSA 651:63 (Supp. 2000) permits the court to order restitution as part of an offender's sentence. "Restitution may be ordered regardless of the offender's ability to pay and regardless of the availability of other compensation, however, restitution is not intended to compensate the victim more than once for the same injury." RSA 651:63, I. We examine this language "not in isolation, but in the context of the overall statutory scheme." *Nault v. N & L Dev. Co.*, 146 N.H. 35, 37 (2001) (quotation omitted).

■ In the context of the overall statutory scheme, it appears that the legislature intended to preclude victims from obtaining: (1) compensation from the defendant in both a restitution order and in a civil judgment, *see* RSA 651:65 (1996); and (2) compensation from both the defendant and a collateral source subrogated to the victim's right to recovery, which has indemnified the victim for his or her loss, *see* RSA 651:62 (Supp. 2000). The legislature has also provided mechanisms to prevent victims from obtaining double recovery in these circumstances. When the victim has obtained a civil judgment against the defendant, any restitution ordered and paid must be deducted from the amount of that judgment. *See* RSA 651:65. When the victim has been indemnified for his or her loss by a collateral source subrogated to the rights of the victim, the defendant may be ordered to pay restitution to the collateral source. *See* RSA 651:62, :63, I.

■ Nothing in the restitution statute, viewed as a whole, evinces the legislature's intent to preclude victims from receiving both restitution and voluntary public donations. Given this statutory scheme, voluntary public donations are not "compensation" within the meaning of the statute. To hold otherwise would thwart the overall purpose of the restitution statute, which is to rehabilitate the offender. *See* RSA 651:61-a (Supp. 2000). To hold otherwise would enable a defendant to escape his or her obligation to make the victim whole simply because the public has sympathy for the victim. In light of the legislative directive that we "increase, to the maximum extent feasible, the number of instances in which victims receive

restitution," RSA 651:61-a, II, we uphold the trial court's order that the defendant pay restitution to CVHS.

The defendant asserts that the State is precluded from arguing that the donations were not "compensation" for the first time in response to her appeal. This assertion is meritless. Whether CVHS could receive both restitution and the voluntary public donations was the issue that the defendant herself raised before the trial court. Indeed, in her appellate brief, the defendant argues that CVHS was "compensated" by the donations under RSA 651:63, I.

The defendant next asserts that the trial court erroneously ordered reimbursement to cover the salaries of CVHS' employees after ordering reimbursement for each dog's daily boarding fees. Because these awards are duplicative, the State concurs that the defendant should not have been required to pay restitution for the regular wages of CVHS' employees. Accordingly, we vacate the portion of the trial court's order requiring the defendant to reimburse CVHS for the regular wages of its employees. The State asserts, however, that the defendant should be required to reimburse CVHS for the overtime wages it paid its employees for taking care of the Sharpei dogs.

■ "Determining the appropriate restitution amount is within the discretion of the trial court. If the factual basis for restitution is disputed, however, the State must prove by a preponderance of the evidence that the loss or damage is causally connected to the offense and bears a significant relationship to the offense." *State v. Eno*, 143 N.H. 465, 470 (1999) (citation and quotation omitted). We thus remand to the trial court the issue of whether the overtime expenses claimed by CVHS were "causally connected" and bore "a significant relationship" to the defendant's offenses.

*Affirmed in part; vacated in part; remanded.*

BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred; BATCHELDER, J., retired, specially assigned under RSA 490:3, concurred.