Merrimack
No. 2005-589

STEPHEN DEBONIS

v.

WARDEN, NEW HAMPSHIRE STATE PRISON

Argued: May 10, 2006
Opinion Issued: June 9, 2006

*Andrew Winters*, assistant appellate defender, of Concord, on the brief, and *David M. Rothstein*, deputy chief appellate defender, of Concord, orally, for the petitioner.

*Kelly A. Ayotte*, attorney general (*Stephen G. LaBonte*, assistant attorney general, on the brief and orally), for the State.

GALWAY, J. The petitioner, Stephen Debonis, appeals a decision of the Superior Court (*Smukler*, J.) denying his habeas corpus petition. We affirm.

The trial court found the following facts, which are undisputed on appeal. The petitioner was arrested on November 2, 2004, for several parole violations. His initial parole revocation hearing was scheduled for December 7, 2004, within the requisite statutory forty-five-day time period. *See* RSA 651-A:17 (Supp. 2005). On December 6, 2004, the petitioner requested a continuance and expressly waived his statutory right to a hearing within forty-five days of his arrest. The New Hampshire Adult Parole Board (parole board) granted the continuance and the hearing was rescheduled for January 4, 2005. On December 29, 2004, the petitioner requested another continuance and again expressly waived his right to a hearing within the statutory time period; the hearing was rescheduled for March 15, 2005. On March 9, 2005, the petitioner requested a third continuance, again waiving his statutory right to a hearing within forty-five days, and the hearing was rescheduled for April 19, 2005. Then, on April 18, 2005, the State requested a continuance, due to the unavailability of one of its witnesses, to which the petitioner neither assented nor objected. The parole board granted the State's request, and the revocation hearing was held on June 7, 2005, forty-nine days after the last scheduled hearing.

Prior to the start of the hearing, the petitioner moved to dismiss the parole violations, arguing that the parole board failed to comply with the mandatory statutory time limit and the applicable departmental regulations. *See* RSA 651-A:17; N.H. ADMIN. RULES, Par 208.01. The parole board denied the motion, found that all alleged violations were true, and remanded the petitioner to the New Hampshire State Prison.

The petitioner then filed a petition for writ of habeas corpus, arguing that the parole board's failure to conduct his revocation hearing within forty-five days of the State's request for a continuance violated RSA 651-A:17 and his constitutional rights. The trial court denied the petition, ruling that "the petitioner failed to sustain his burden of showing that he has been prejudiced by any procedural irregularity." In reaching its decision, the trial court found that: (1) the parole board violated RSA 651-A:17 by conducting the revocation hearing forty-nine days after the last scheduled hearing; (2) the violation constituted a procedural irregularity and, therefore, required the petitioner to prove he was actually prejudiced by the delay; and (3) the petitioner failed to make the requisite showing of prejudice. This appeal followed.

The parties do not dispute that RSA 651-A:17 grants a parolee the right to a revocation hearing within forty-five days after arrest for a parole violation. The petitioner argues that this time limit applies not only after the arrest, but also after any continuance of a scheduled hearing. He contends this is a substantive right that should be strictly applied and that

the failure to hold a timely revocation hearing deprived the parole board of jurisdiction. The petitioner asserts, therefore, that the trial court erred when it concluded that the parole board's failure to comply with the statutory time limit constituted a procedural irregularity, requiring him to show actual prejudice.

Resolution of this appeal requires us to interpret RSA 651-A:17. The interpretation of a statute is a question of law, which we review *de novo*. *Woodview Dev. Corp. v. Town of Pelham*, 152 N.H. 114, 116 (2005). In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. *State v. Yates*, 152 N.H. 245, 255 (2005). When the language of a statute is plain and unambiguous, we need not look beyond it. *State v. Grimes*, 152 N.H. 310, 312 (2005). We construe Criminal Code provisions according to the fair import of their terms and to promote justice. *Id.*

RSA 651-A:17 provides, in pertinent part:

> Any parolee arrested under RSA 651-A:15-a shall be entitled to a hearing before the board *within 45 days*, in addition to any preliminary hearing which is required under RSA 504-A:6. The parolee shall have the right to appear and be heard at the revocation hearing.

(Emphasis added). The language "within 45 days" appears in the first phrase of the statute and clearly references the parolee's arrest. As such, it grants a parolee the right to a revocation hearing within forty-five days *of his or her arrest*. The statute, however, makes no reference to a forty-five-day time period recurring each time a scheduled revocation hearing is continued. "We will neither consider what the legislature might have said nor add words that it did not see fit to include." *Yates*, 152 N.H. at 255. Thus, we decline the petitioner's invitation to construe RSA 651-A:17 in such a way.

 Here, the petitioner was arrested for violating his parole on November 2, 2004. RSA 651-A:17 granted him a statutory right to a revocation hearing within forty-five days of his arrest. The petitioner expressly waived this statutory right on December 6, 2004. *See A.W. Therrien Co. v. Maryland Cas. Co.*, 97 N.H. 180, 181-82 (1951) (waiver is "the voluntary or intentional abandonment or relinquishment of a known right"). Having waived his right to a hearing within the requisite statutory time period, the petitioner thereafter had no statutory right to have his hearing held within any specific time period. Accordingly, no statutory violation occurred when the parole board conducted the hearing forty-nine days after the final continuance. *Cf. In re Russell C.*, 120 N.H. 260, 268

(1980) (interpreting RSA 169-B:14, II (Supp. 1979) and RSA 169-D:13, II (Supp. 1979) as granting juveniles a statutory right to an adjudicatory hearing within the prescribed time limits unless the juvenile waives that right by causing a delay or requesting a continuance).

■ The petitioner also argues that the parole board failed to comply with its own administrative procedures when it conducted his revocation hearing forty-nine days after the April 19, 2005 hearing that was continued at the State's request. *See* N.H. ADMIN. RULES, Par 208.01. Rule 208.01(b) gives the parole board the authority to grant a continuance of a revocation hearing for good cause and also provides that "[u]nless agreed to by the parolee or his attorney, the postponement shall not exceed the 45-day limit for a revocation hearing specified in RSA 651-A:17." The petitioner contends this provision requires the parole board to conduct a revocation hearing within forty-five days of any un-assented-to continuance granted at the State's request. We disagree. This provision specifically references the time limit created by RSA 651-A:17. Because that statutory time limit applies only to the period immediately following the parolee's arrest, and because the petitioner waived his right to a hearing within the statutory time period, it did not apply to the period following the continuance of the petitioner's April 19, 2005 hearing.

Accordingly, we conclude the petitioner's statutory right to a hearing within forty-five days of his arrest was not violated when his revocation hearing was held on June 7, 2005. Because we conclude that the parole board did not violate RSA 651-A:17, we do not reach the petitioner's assertion that the trial court erred when it concluded that the forty-nine-day delay constituted a procedural irregularity rather than a violation of the petitioner's substantive rights.

Nevertheless, while the petitioner did not have a statutory right to a revocation hearing within forty-five days of the April 19, 2005 scheduled hearing, he is still afforded due process protections against unreasonable deprivations of his conditional liberty interest, including protections against an unreasonable delay between his arrest and parole revocation hearing. *See Stapleford v. Perrin*, 122 N.H. 1083, 1088 (1982). "To establish a due process violation under the Federal and State Constitutions, the [parolee] must show that the delay resulted in actual prejudice to the conduct of his or her defense." *State v. Leavitt*, 136 N.H. 475, 476 (1992) (quotation and citation omitted).

■ The trial court found that the delay between the petitioner's arrest and revocation hearing did not violate his constitutional right to due process because the petitioner failed to plead or prove that the delay resulted in any prejudice to his case. On appeal, the petitioner concedes

that he cannot show that he was actually prejudiced by the parole board's delay in conducting his revocation hearing. Therefore, having concluded that the parole board did not violate RSA 651-A:17 and any delay in conducting the petitioner's revocation hearing did not violate his constitutional due process rights, we conclude that the trial court did not err in denying the petitioner's petition for writ of habeas corpus.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.