Rockingham
No. 2006-056

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL SHANNON

Argued: December 6, 2006
Opinion Issued: April 4, 2007

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Nadeau Law Offices, P.L.L.C.*, of Portsmouth (*J.P. Nadeau* on the brief and orally), for the defendant.

GALWAY, J. The defendant, Michael Shannon, appeals a restitution order imposed by the Superior Court (*Morrill*, J.) after he pled guilty to receiving stolen property in violation of RSA 637:7 (1996). We affirm.

The record supports the following. The defendant was a friend of the victim, Diane Burke, who owned a jewelry store in Massachusetts. Over time, he stole jewelry from her and sold it mostly in Massachusetts pawnshops. The defendant also sold a lesser amount of jewelry to a pawnshop in New Hampshire. The defendant was convicted in Massachusetts and, in March 2004, ordered to pay restitution of $39,400. In May 2004, the victim wrote a letter to an investigator for the Rockingham County Attorney's Office, stating, "On March 8th, in Newburyport District Court, Michael [Shannon] was ordered to pay back full restitution in the amount of $39,400.00." The victim also wrote: "We have given receipts to Salem Detective Don Blacken on the amount of jewelry pawned in New Hampshire that was not recovered." In August 2004, the defendant pled guilty to receiving stolen property in Rockingham County Superior Court. As part of his sentence, the trial court initially ordered the defendant to pay $11,475.98 in restitution to the victim and $400 to a New Hampshire pawnshop. The sentencing order, however, entitled the defendant to a further hearing regarding the amount of restitution. That hearing occurred in September 2005.

At the hearing, the State and defense counsel told the trial court that, based upon their discussions with the prosecuting attorney in Massachusetts, the $39,400 restitution ordered in Massachusetts covered the entire value of jewelry taken from the victim that she did not later recover. A Massachusetts attorney representing the victim disagreed, asserting that $39,400 was not the full amount of the victim's loss. The victim's representative stated that the victim assumed that she should submit to the Massachusetts prosecutors estimates of only the value of jewelry lost in Massachusetts, and leave estimates of the value of the jewelry lost in New Hampshire for the New Hampshire prosecutors. Thus,

the victim's representative stated, the $39,400 ordered in Massachusetts did not constitute all of the restitution owed to the victim. The representative also clarified that the value of the jewelry lost in New Hampshire was $8,445, rather than $11,475.98. The defendant responded that, based upon his discussion with the Massachusetts prosecutor and the letter written by the victim, the Massachusetts order covered all losses to the victim and any restitution ordered in New Hampshire would overcompensate her. The trial court stated numerous times during the hearing that, to resolve the issue of whether or not the Massachusetts order fully compensated the victim, it would need the record from the Massachusetts proceeding.

After the hearing, the trial court issued a written order. The court found that the victim's statement in her letter that the Massachusetts court ordered the defendant "to pay back full restitution in the amount of $39,400.00" suggested, but did not prove, that the Massachusetts court intended its order to cover all losses. The court also found, however, that the victim's statement in the same letter that "[w]e have given receipts to Salem Detective Don Blacken on the amount of jewelry pawned in New Hampshire that was not recovered" showed that the victim distinguished between her New Hampshire and Massachusetts losses. The trial court stated that, while it might be true that the Massachusetts restitution order fully compensated the victim, the defendant failed to provide a record from Massachusetts demonstrating what the Massachusetts order was intended to cover. The trial court ruled: "The defendant bears the burden of showing that the New Hampshire order is subsumed or precluded by the Massachusetts restitution order. He has not done so." The trial court found that the State proved that the victim's losses in New Hampshire were $8,475 and ordered that amount of restitution paid.

On appeal, the defendant argues: (1) the trial court erred as a matter of law by ruling that he bore the burden of proving that the New Hampshire restitution order was precluded by the Massachusetts restitution order; and (2) the trial court's finding that he should pay restitution was contrary to the weight of the evidence.

In reviewing the trial court's ruling, we accept its factual findings unless they lack support in the record or are clearly erroneous. *State v. Wiggin*, 151 N.H. 305, 307 (2004). Our review of the trial court's legal conclusions, however, is *de novo*. *Id.* Resolution of this appeal requires us to interpret RSA chapter 651. The interpretation of a statute is a question of law, which we review *de novo*. *Debonis v. Warden, N.H. State Prison*, 153 N.H. 603, 605 (2006). In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. *State v. Gubitosi*, 152 N.H. 673, 682 (2005). We first

examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Id*; *see also* RSA 625:3 (1996) (providing that Criminal Code provisions are construed according to fair import of their terms and to promote justice).

RSA 651:61-a (Supp. 2006) states the purpose of the restitution provisions in the Criminal Code as follows:

> I. The legislature finds and declares that the victims of crimes often suffer losses through no fault of their own and for which there is no compensation. It also finds that repayment, in whole or in part, by the offender to the victim can operate to rehabilitate the offender. It is the purpose of this act to establish a presumption that the victim will be compensated by the offender who is responsible for the loss. Restitution by the offender can serve to reinforce the offender's sense of responsibility for the offense, to provide the offender the opportunity to pay the offender's debt to society and to the victim in a constructive manner, and to ease the burden of the victim as a result of the criminal act.

RSA 651:63 (Supp. 2006), which authorizes restitution, states, in pertinent part:

> I. Any offender may be sentenced to make restitution in an amount determined by the court. . . . Restitution may be ordered regardless of the offender's ability to pay and regardless of the availability of other compensation; however, restitution is not intended to compensate the victim more than once for the same injury.

Because restitution is not intended to compensate the victim more than once for the same injury, the defendant argues that if he has already fully compensated the victim for the injury that he caused her by complying with the Massachusetts order, then the New Hampshire court erred in ordering him to further compensate her. The defendant argues that it is the State's burden to show that he has not fully compensated the victim for the injury that he caused her.

We disagree. RSA 651:61-a, I, provides that "[i]t is the purpose of this act to establish a presumption that the victim will be compensated by the offender who is responsible for the loss." In light of this language, we conclude that the legislature intends courts to presume that a defendant

responsible for a victim's loss will pay restitution to the victim. The State, of course, bears the burden of proving that the defendant is, in fact, responsible for the victim's loss. *See State v. Burr*, 147 N.H. 102, 105 (2001). If the State does so, then, pursuant to the language of RSA 651:61-a, I, the court must presume that the defendant will compensate the victim. A party wishing to rebut this presumption would, logically, bear the burden of proof. In this case, the defendant is the party wishing to rebut this presumption. Accordingly, we conclude that the trial court did not err in placing the burden on the defendant to prove that he need not pay restitution to the victim because he had already fully compensated her.

We note that multiple federal circuit courts have addressed under federal law the issue of which party bears the burden to prove whether a victim has already been fully compensated for his or her injury, and these courts have concluded that the defendant bears that burden. *See United States v. Karam*, 201 F.3d 320, 326-27 (4th Cir. 2000); *United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998).

We further note that our holding today does not contradict the standard articulated in *Burr*, 147 N.H. at 105, and *State v. Eno*, 143 N.H. 465, 470 (1999), that "[i]f the factual basis for restitution is disputed . . . the State must prove by a preponderance of the evidence that the loss or damage is causally connected to the offense and bears a significant relationship to the offense." (Quotation omitted.) In both *Burr* and *Eno*, we considered questions regarding whether the defendant was, in fact, responsible for the injuries suffered by the victims. In *Burr*, we ruled that the State should bear the burden to prove that expenses incurred by an animal shelter resulted from the defendant's abuse of animals in the shelter. *Burr*, 147 N.H. at 105. In *Eno*, we ruled that the State should bear the burden to prove that the sexual relationship that the defendant had with a minor caused the injury for which the minor later sought psychological treatment. *Eno*, 143 N.H. at 469-71. The issue in both cases was whether the defendant's actions were causally connected to the victim's injuries such that the defendant should be held responsible for restoring the victim's loss. In contrast, the case before us presents no issue of causation. The defendant does not dispute the causal connection between his offense and the victim's loss of $8,445. Instead, he disputes whether he has already fully compensated the victim. As there is no dispute that the defendant is responsible for the victim's loss, the trial court correctly presumed, pursuant to RSA 651:61-a, I, that the defendant had to compensate the victim for her loss. The defendant bore the burden to rebut that presumption.

The defendant next contends that the trial court erred in finding that he should pay restitution to the victim because this finding was contrary to the weight of the evidence. At the restitution hearing, the State and the defendant told the trial court that the district attorney from Newburyport believed that the restitution ordered in Massachusetts included all losses to the victim caused by the defendant. The defendant also presented the victim's letter stating that the full amount of restitution was $39,400. This evidence, the defendant argues, compelled a finding that the Massachusetts restitution order, if paid, would completely compensate the victim.

As stated above, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous. *Wiggin*, 151 N.H. at 307. Although the defendant emphasizes that both parties told the trial court that the Massachusetts prosecutor believed that the Massachusetts order compensated the victim for all losses caused by the defendant, what the Massachusetts prosecutor believed was not the issue in dispute at the restitution hearing. At that hearing, the victim's representative stated that the victim never reported to the Massachusetts authorities her losses resulting from the defendant's sale of jewelry in New Hampshire; thus, the prosecutor may have been mistaken in her belief that the Massachusetts order fully compensated the victim. The trial court repeatedly told the defendant that the trial court needed to review the record from the Massachusetts proceeding to resolve the issue. The defendant failed to provide such a record, and the trial court cited this failure in its order as one of its reasons for finding that the defendant did not prove that the Massachusetts order fully compensated the victim.

As for the victim's letter, although it states that, "in Newburyport District Court, [the defendant] was ordered to pay back full restitution in the amount of $39,400.00," it also stated that the victim gave "receipts to Salem Detective Don Blacken on the amount of jewelry pawned in New Hampshire that was not recovered." The trial court found that the latter statement showed that the victim distinguished between her Massachusetts and New Hampshire losses and thus supported the victim's representative's testimony. Based upon this evidence, we cannot conclude that the trial court's factual findings are either unsupported by the record or clearly erroneous.

Finally, although the victim's representative clarified at the hearing that the value of the jewelry lost in New Hampshire was $8,445, the trial court ordered the defendant to pay restitution in the amount of $8,475. The State concedes in its brief that the amount of restitution should be $8,445, and

we agree. Accordingly, we modify the trial court's order accordingly, and affirm the order as modified.

*Modifed in part; affirmed as modified.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.