Rockingham
No. 2010-632

STATE OF NEW HAMPSHIRE

v.

DANIEL BENT

Argued: October 19, 2011
Opinion Issued: January 27, 2012

*Michael A. Delaney*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Stephanie Hausman,* assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DUGGAN, J., retired, specially assigned under RSA 490:3. The defendant, Daniel Bent, appeals orders of the Superior Court (*Nadeau,* J.) denying his motion to vacate restitution and setting restitution at $21,230.86. We vacate and remand.

The defendant was convicted, by a jury, of one count of second degree assault and three counts of reckless conduct. On February 2, 2007, the Superior Court (*Coffey,* J.) sentenced the defendant to three to six years in state prison and ordered him to "make restitution of an amount to be determined plus statutory 17% administrative fee through the Department of Corrections." The court noted that "[a]t the request of the defendant or the Department of Corrections, a hearing may be scheduled on the amount or method of payment of restitution."

While the defendant was incarcerated, he received a letter from the department of corrections informing him that Deborah Nelson had been assigned to collect restitution. The letter also stated that the amount of restitution was $18,146.03 plus the 17% administrative fee, for a total of $21,230.86, and that the amount was "subject to increase as the victim submits claims for further expenses related to the incident."

The victim of the assault subsequently brought a civil suit against the defendant, the defendant's employer and the employer's insurance carrier. The parties came to a settlement agreement, which was approved by the Superior Court (*Nadeau,* J.) on January 13, 2009.

On January 6, 2010, the defendant filed a motion requesting the court to vacate the order of restitution as a result of the settlement agreement reached in the civil case, and requesting a hearing on the issues related to restitution. Following a restitution hearing, the court issued an order on May 26, 2010, denying the defendant's motion to vacate restitution. The order, however, failed to set an amount for restitution. The defendant filed a motion for clarification. On August 30, 2010, the trial court issued an additional order clarifying that "[r]estitution is set at $21,230.86."

On appeal, the defendant argues that the trial court erred in setting the amount of restitution at $21,230.86 because the State did not meet its burden of demonstrating the amount of the victim's economic loss attributable to the assault. He also argues that the trial court erred in failing to determine whether a restitution award would result in duplicate compensation to the victim in light of the settlement agreement.

■ Determining the appropriate restitution amount is within the discretion of the trial court. *State v. Gibson,* 160 N.H. 445, 450 (2010). "If the factual basis for restitution is disputed, however, the State must prove by

a preponderance of the evidence that the loss or damage is causally connected to the offense and bears a significant relationship to the offense." *Id.* (quotation omitted). In reviewing the trial court's rulings, we accept its factual findings unless they lack support in the record, or are clearly erroneous. *State v. Shannon*, 155 N.H. 135, 137 (2007).

At the restitution hearing, the State presented the testimony of an employee in the division of field services, as well as the testimony of the victim. The employee testified that he reviewed the file from the department of corrections that initially set restitution at $18,146.03 plus the 17% fee. Regarding the amount, he explained, "[Q]uite honestly, I'm not sure how [the department] came up with the $18,000 figure. There's some paperwork in the file that came from [the insurance company], but . . . again, I'm not sure how we came up with that $18,000 figure."

The victim testified about his net recovery from the settlement agreement, as well as his losses since the assault. He stated that, in addition to a "loss in salary," he has ongoing "out-of-pocket expenses for prescription co-pays, [weekly visits to a brain injury center] and myofascial release [therapy]." He further testified that the State is seeking reimbursement from him in the amount of $127,000 for money paid as workers' compensation benefits. In addition to the victim's testimony, the State submitted into evidence a letter informing the victim that he owes $127,000, as well as a form that detailed the calculation of the $127,000 lien.

The defendant argues that the State did not present sufficient evidence to support the restitution amount ordered by the trial court. The State, in response, argues that the evidence of the victim's ongoing out-of-pocket expenses and the $127,000 lien proved that the victim's loss was at least $21,230.86, and was actually significantly greater.

Although there was no specific evidence supporting the exact amount set by the court beyond the letter from the department of corrections, the victim's testimony and the documents presented by the State tended to show loss or damage to the victim in the amount of $127,000 or greater. Accordingly, we find that there was sufficient evidence to support an award of restitution in an amount determined by the trial court to be appropriate.

However, although the evidence was sufficient to support an amount of restitution as determined by the trial court, the trial court's order must be vacated because the court itself never made such a determination. Instead, the trial court's order stated that it was bound by the restitution amount that "[had] been set." Subsequently, the court clarified that the restitution amount would remain at $21,230.86, which is the sum of the $18,146.03 figure from the department of corrections plus the 17% statutory fee.

■ The court erred in ruling that it was bound by the restitution amount set by the department of corrections. While the department of corrections has authority to set the time and method of restitution payments, and to enforce a restitution order, RSA 651:64 (2007), only the court has the authority to set the amount of restitution, RSA 651:63 (Supp. 2010). Because the trial court never independently considered the amount of restitution, but rather incorrectly ruled that it was bound by the amount set by the department of corrections, the award of $21,230.86 must be vacated and the case must be remanded.

■ The defendant also contends that even if the record supported the amount set, or any other restitution amount, the trial court erred in setting an amount without determining whether it would result in a double recovery to the victim. Although RSA 651:63, I, does not prohibit a victim from pursuing civil remedies in addition to restitution, and states that "[r]estitution may be ordered . . . regardless of the availability of other compensation," it also provides that "restitution is not intended to compensate the victim *more than once for the same injury*." RSA 651:63, I (2007) (emphasis added). In the defendant's motion to vacate restitution and on appeal, the defendant argues that an award of restitution would constitute an impermissible double recovery. RSA 651:63, I; *see also State v. Burr*, 147 N.H. 102, 104-05 (2001). However, the trial court never addressed the issue because it found it was bound by the amount set by the department of corrections. Thus, it is unclear whether the court could have ordered any amount under the statute.

■ According to the defendant, any amount of restitution would result in double recovery for the victim because the settlement agreement fully compensated the victim. He therefore asks us to reverse the trial court's denial of his motion to vacate restitution. However, the determination of whether restitution would result in double recovery to the victim is one that must be made in the first instance by the trial court. *See Burr*, 147 N.H. at 105; *cf. Found. for Seacoast Health v. HCA Health Servs. of N.H.*, 157 N.H. 487, 501 (2008) (remanding on a certain issue where trial court made no factual findings with respect to that issue).

Accordingly, we remand so that the trial court may determine the amount of restitution and whether the award of any portion of the restitution amount would result in the victim receiving an impermissible double recovery in light of the settlement agreement.

The defendant also makes various arguments regarding the reduction of the civil settlement agreement, pursuant to RSA 651:63, IV (2007), if restitution is awarded. RSA 651:63, IV provides that "[t]he court shall reduce any civil damage awards by restitution ordered and paid to the

victim." Because the civil settlement agreement was part of a separate proceeding which was not before the trial court in this case and has not been appealed to us, we make no finding as to what effect, if any, this provision has.

*Vacated and remanded.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.