Grafton,
Jan. 2, 1906.

### LAMPHIRE & a. v. STATE.

The fact that the sureties in a recognizance are prevented from surrendering the principal by reason of his voluntary enlistment in the United States navy without their knowledge does not furnish sufficient ground for their discharge, under section 30, chapter 252, Public Statutes.

PETITION, of Henry A. Lamphire and Fred W. Towle, for their discharge as sureties upon a recognizance. Trial before *Stone,* J., at the September term, 1905, of the superior court.

The petitioners recognized as sureties for the appearance at the superior court of Daniel McIntyre, who was duly bound over for such appearance at the May term, 1904, by a justice of the peace, upon a complaint charging him with breaking and entering a dwelling-house and stealing therefrom. At the May term McIntyre was indicted for the crime charged before the justice, but did not appear, and the recognizance was defaulted. After entering into the recognizance and before the May term, McIntyre, without the knowledge of the sureties, enlisted in the United States navy. He is now in the service of the United States and has been ever since his enlistment. Upon these facts, the court found that the sureties, without their fault, were prevented from surrendering the principal, and ordered their discharge under section 30, chapter 252, Public Statutes. To this order the state excepted.

*Scott Sloane,* for the petitioners.

*Marshall D. Cobleigh,* solicitor, for the state.

PARSONS, C. J.   "When the sureties in a recognizance, without their fault, are prevented from surrendering their principal by the act of God, or of the government of the state or of the United States, or by sentence of law, the supreme court, on petition and notice thereof to the county commissioners and state's counsel,

may discharge them on such terms as may be deemed just." P. S., *c.* 252, *s.* 30. Upon petition under this section by the sureties in a recognizance, the superior court found that the sureties without their fault were prevented from surrendering their principal, and ordered their discharge. The order was not warranted by the facts found. To bring the case within the statute, the sureties must have made it appear, not only that they were prevented from surrendering their principal without their fault, but also that they were prevented by the act of God, or of the government of the United States or of this state, or by sentence of law. Neither fact is found, or could be found from the evidence. The principal was not impressed as a seaman or drafted by the government, but voluntarily enlisted. If by such voluntary act he has been enabled to depart from the state so that the sureties cannot reach him, his absence is due to his voluntary act, and not, as far as appears, to any act of the government of the United States. His absence is purely voluntary and affords the sureties no justification or excuse. "It was against that that they guaranteed the government; to prevent that they became responsible." *State* v. *McAllister*, 54 N. H. 156, 158. The causes named in the act would be a good defence at common law to an action against the sureties. *Goodwin* v. *Smith,* 4 N. H. 29, 30; *Harrington* v. *Dennie,* 13 Mass. 93; *Belding* v. *State,* 25 Ark. 315,—99 Am. Dec. 214, note 216–218. The purpose of the statute does not appear to be to introduce a new ground for releasing the sureties, but merely to provide a convenient method of determining their liability. But whatever its purpose, it does not make the voluntary absence of the principal, without fault of the sureties, alone sufficient ground for their discharge. The recognizance was a contract between the sureties and the state for the production of the principal at the required time. The sureties upon an action for breach of this contract are not accused of crime. The proceeding is civil, and the state is entitled to its exception. *State* v. *Kinne,* 39 N. H. 129, 137; *S. C.,* 41 N. H. 238. As no facts are found which, as matter of law, authorize the order of discharge, and no evidence was before the court upon which the facts necessary to authorize the order could be found, the order made was erroneous and must be set aside.

*Exception sustained.*

All concurred.