Farmington Municipal Court,
No. 4786.

STATE *v.* ALFRED CARDIN.

Argued November 3, 1959.

Decided December 1, 1959.

*Louis C. Wyman*, Attorney General, *Irma A. Matthews*, Law Assistant, and *Robert A. Carignan*, county attorney (*Mrs. Matthews* orally), for the State.

*Normand R. Pelletier* (by brief and orally), for the defendant.

BLANDIN, J.  The first question raised by the defendant's exceptions is whether he can properly be convicted of a second offense under RSA 262:19 (supp.) when his first conviction was in Massachusetts.  The statute, so far as material, reads as follows: "Any person who shall be convicted of operating, or attempting to operate, a motor vehicle upon any way while under the influence of intoxicating liquor . . . shall be imprisoned . . . Upon a second conviction he may be imprisoned . . . his license shall be revoked and he shall be ineligible for a license for the next three calendar years."  The defense claims that the statute does not authorize our courts to consider a prior conviction in another state in determining whether the defendant is guilty of a second offense here.

The question is one of statutory interpretation, the solution depending upon the legislative intent. The governing statute (RSA 262:19 (supp.) ) provides that the convictions for operating while under the influence of intoxicating liquor shall be convictions for so operating "upon any way." "Way" is defined in our statute (RSA 259:1 XXXV) as follows: "Any public way, street, avenue, road, alley, park or parkway, or any private way laid out under authority of statute." *State* v. *Duranleau,* 99 N. H. 30. The statute obviously refers to a public way within the State of New Hampshire. Whenever a conviction in another state is to be considered in determining whether a second offense has been committed under a local statute the Legislature has so stated in express terms. *People* v. *Pardee,* 306 N. Y. 660; 24 C. J. S., Criminal Law, *s.* 1960 d. See *Logan* v. *United States,* 144 U. S. 263, 303. In the absence of any such express provisions anywhere in our statutes the defendant's exception must be sustained.

We turn now to the defendant's second and third exceptions, which in substance are that the record of his conviction for driving while under the influence of intoxicating liquor in Lowell, Massachusetts, was improperly admitted in evidence and that the form of certificate used by the Motor Vehicle Commissioner is improper. The question again is one of statutory construction. RSA 259:10, relating to the custody and admissibility of records of convictions for motor vehicle offenses, so far as material, reads as follows: "Copies of such records, duly attested and certified by the commissioner, shall be as competent evidence in any court within this state as the original record or document would be if produced by him as the legal custodian thereof."

This statute must be considered together with RSA 262:30, which provides in substance that every court or justice in this state before whom a person is charged with a violation of a motor vehicle law shall send an abstract of the record in cases of conviction to the Commissioner. Section 30 provides: "Said abstracts shall be made upon forms prepared by the commissioner and shall include all necessary information as to the parties to the case, the nature and date of the offense, the date of the hearing, the plea and the judgment, and shall be certified by the clerk of the court or by the justice. The commissioner shall keep such records in his office and they shall be open to the inspection of any person."

While it is true, as the State argues, that RSA 268:3 (supp.) indicates a policy of reciprocity between this state and other

reciprocating states as to the exchange of abstracts of records of convictions, the fact remains that our Commissioner has no custody or control over the records of other states and they are not records required by law to be kept by him at his office. RSA 259:10. He cannot certify as to their correctness in the sense that he can as to records required to be filed in his office.

We are well aware of the tremendous difficulties encountered by those charged with protecting the lives and property of the public in the face of the rising tide of lawlessness in the operation of motor vehicles, with its resultant toll of death and destruction. See *State* v. *Staples*, 100 N. H. 283, 285. Reasonable provisions for simplifying and rendering more facile methods of proof in the trial of cases involving motor vehicle violations may well be thought desirable. However, we have no right to go beyond the legislative mandate, and we believe that if the Legislature intended to permit the admission of such evidence, it would have been more explicit in its authorization to do so. Under existing statutes, we hold therefore that the only proper way to prove a conviction in another state is by introducing a properly authenticated copy of the court record of the sister state. *Sampson* v. *Conlon*, 100 N. H. 358. The exception of the defendant to the introduction of the copy of the record of the alleged conviction in Lowell, Massachusetts is sustained.

The form used by the Motor Vehicle Commissioner consisted of a cover sheet with the state seal and customary attestation clause of the Commissioner upon it, certifying that the attached document was a true copy of the record in his office pertaining to the defendant, together with a plain sheet stapled to it. In this case, the cover sheet did, but the attached sheet did not, bear the defendant's name. We believe that the attached sheet should bear the name of the defendant to whom it relates. The order is

*Exceptions sustained; remanded.*

All concurred.