Rockingham
No. 7860

MARTIN BATTCOCK & *a.*

v.

ROBERT M. DUVALL, COMMISSIONER,
NEW HAMPSHIRE DEPARTMENT OF LABOR, & *a.*

February 3, 1978

*Casassa, Mulherrin & Ryan,* of Hampton (*John J. Ryan* orally), for the plaintiffs.

*David H. Souter,* attorney general (*Anne E. Cagwin,* attorney, orally), for the defendant Robert M. Duvall, commissioner.

BOIS, J.   The plaintiffs, Martin and Kathleen Battcock, owners of certain land in Hampton, entered into contract with defendant George R. Holmes, d.b.a. G. R. Holmes Construction Company, for defendant Holmes to frame a motel building upon the land. The plaintiffs agreed to supply all the necessary materials. The plaintiffs also contracted with other parties relating to different construction aspects of the motel. Defendant Holmes did not complete his performance under the contract and became financially unable to pay his employees their wages despite the fact that plaintiffs had paid Holmes all sums owing under the contract.

Six of defendant Holmes' employees filed wage claims with the department of labor against Holmes as subcontractor and against plaintiffs as prime contractors. The labor commissioner ruled that plaintiffs were liable as prime contractors for the unpaid wages pursuant to RSA 275:46. The plaintiffs appealed the decision of the labor commissioner to superior court where the case was submitted upon an agreed statement of facts and issues. The Superior Court (*Loughlin,* J.) upheld the decision of the commissioner.

The issue presented by this case is whether the plaintiffs are prime contractors within the meaning of RSA 275:46. This statute provides in pertinent part:

> Prime Contractor's Responsibility for Wage Payments. Whenever any person shall contract with another for the performance of any work which the contracting person has undertaken to perform on a common site or location, he shall become civilly liable to employees engaged in the performance of work under such contract for the payment of wages, . . . whenever and to the extent that the employer of such employees fails to pay such wages. . . .

The commissioner ruled, and the State argues, that the plaintiffs were prime contractors because they were directing the work and exercising control over the construction process. The State would, therefore, define a prime contractor as one who coordinates the efforts of others in building a structure. This definition conforms with the common understanding of the term, *see* RSA 21:2, but

does not conform to the definition provided by the legislature in RSA 275:46.

■ The question of how to define a prime contractor depends on the words of the statute and the legislature's intent. *State v. Cardin*, 102 N.H. 314, 156 A.2d 118 (1960). The statute contemplates those situations where a party has agreed to construct a structure or perform other work, and then contracts with certain specialists to perform various portions of the overall task. The prime contractor is one who has made a legal commitment to the landowner, or another party in the position of a landowner, to perform work on the common site. His hiring of a subcontractor to perform part of this work is the situation envisioned by RSA 275:46 where it speaks of a "contract with another for the performance of any work which the contracting person has undertaken to perform. . . ." The legislature has therefore defined a prime contractor as one who is under a prior contractual obligation to perform the work he is subcontracting to another party. We hold that for purposes of RSA 275:46, a prime contractor is one who (1) is under a prior obligation to perform, and (2) coordinates the efforts of others in completing this obligation.

■ This does not mean, however, that a landowner can never be a prime contractor. If the landowner is under an obligation to build a structure on his land and contracts with others to fulfill this obligation, then the landowner would be a prime contractor and liable for the employees' wages under RSA 275:46. In the present case, the Battcocks were found to be coordinating other contractors to build the motel. No finding was made on whether the Battcocks were under an obligation to build the motel for another. We therefore remand for such a determination.

*Exception sustained; remanded.*

LAMPRON, J., did not sit; JOHNSON, J., sat by special assignment pursuant to RSA 490:3; all concurred.