Manchester District Court
No. 2011-164

THE STATE OF NEW HAMPSHIRE

v.

SEAN MCGURK

Argued: February 16, 2012
Opinion Issued: May 11, 2012

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Bernstein, Mello & Chadwick, PLLC*, of Nashua (*Adam H. Bernstein* on the brief and orally) for the surety.

DALIANIS, C.J. Free Bail Bonds (the surety), appeals orders of the Manchester District Court (*Lyons*, J.) forfeiting bonds that guaranteed the court appearance of the defendant, Sean McGurk. We affirm.

These facts appear in the record. In August and September of 2010, the surety issued two bonds, on the defendant's behalf, for $5,000 and $6,000, respectively. The bonds guaranteed the defendant's appearance on November 8, 2010. Approximately one month before the defendant's scheduled appearance, he was arrested in Vermont and held in custody by the Vermont Department of Corrections pending trial there for offenses allegedly committed after the New Hampshire bonds were issued. The surety's representative then moved to revoke the defendant's bail. The trial court did not rule on this motion, however, until the defendant's ongoing incarceration prevented him from appearing as scheduled. At that point, it forfeited bail over the defendant's objection.

The surety moved to vacate the forfeiture order and, when its motion was denied, filed two motions to reconsider, both of which were also denied. Although the trial court arguably erred when it delayed ruling upon the surety's motion to revoke bail until after the defendant's default, this issue is not before us. The only issues before us arise out of the trial court's order forfeiting the bonds and its denial of the surety's request for an evidentiary hearing.

■ Under the terms of most criminal bail bonds, the obligation of the surety is to produce the accused whenever necessary in the prosecution of the charges which have been made against him, or at any stage of the proceedings. *State v. Moccia*, 120 N.H. 298, 301 (1980). If the defendant fails to appear, then under RSA 597:31 (2001), the bond "shall be declared forfeited."

RSA 597:30 (2001), however, allows a surety to avoid forfeiture in certain circumstances. It provides in relevant part:

> When the sureties in a recognizance, without their fault, are prevented from surrendering their principal by an act of God or of the government of the state or of the United States, or by sentence of law, the superior court, on petition and notice thereof to the county commissioners and state's counsel, may discharge them on such terms as may be deemed just.

RSA 597:30.

As an initial matter, the parties do not dispute that, notwithstanding the statute's language, it applies to the district courts as well as the superior court. We, therefore, assume without deciding that the district court can discharge a surety under the terms provided in the statute.

■ To invoke RSA 597:30, "sureties must . . . ma[k]e it appear, not only that they were prevented from surrendering [the defendant] without their fault, but also that they were prevented by the act of God, or the government of the United States or of this state, or by sentence of law." *Lamphire v. State*, 73 N.H. 463, 464 (1906) (interpreting a substantially identical prior version of the statute).

Here, the surety does not contend that the defendant's incarceration in Vermont is an act of God, the United States, the state of New Hampshire, or a sentence of law. Rather, it argues that construing the statute to permit a discharge only under the listed circumstances "conflict[s] with the clear import of the statute, which is to excuse the surety when surrendering the defendant is impossible based on an act of government authority." We disagree.

We interpret statutes in the context of the overall statutory scheme, not in isolation. *State v. McDonald*, 163 N.H. 115, 126 (2011). We first look to the language of the statute, and construe it according to the common and approved usage of the language unless from the statute it appears that a different meaning was intended. *Id.* We will neither consider what the legislature might have said nor add language that it did not see fit to include. *Id.* We review the trial court's interpretation of a statute *de novo*. *Id.*

■ In this case, the statute's plain language limits the defenses for sureties to those listed, each of which "would be a good defence at common law." *Lamphire*, 73 N.H. at 464. The statute, thus, "provide[s] a convenient method of determining [sureties'] liability" by codifying common law defenses, but "does not . . . introduce a new ground for releasing . . . sureties." *Id.* At common law, acts of another state's government failed to excuse the surety's obligation to produce a defendant. *See Taylor v. Taintor*, 83 U.S. 366, 371 (1872) ("If, after the [bond] is executed, the [defendant] is imprisoned in another State for violation of a criminal law of that State, it will not avail to protect him or his sureties."). Although some jurisdictions have supplanted this rule by statute or otherwise, many still deny a surety relief under such circumstances. *See* 8A Am. Jur. 2d *Bail and Recognizance* § 169, at 483 (2009).

■ Thus, because the statute applies only in the enumerated situations, we cannot construe it to excuse the surety when another state's government prevents the defendant's appearance. To do so would "introduce a new ground for releasing . . . sureties" that was unavailable at common law, and add language to the statute that the legislature did not see fit to include. *Lamphire*, 73 N.H. at 464.

■ We also reject the surety's argument that the trial court treated the bonds as performance rather than appearance bonds. Although the court noted that the defendant's failure to appear resulted from his decision to travel to Vermont and commit crimes, the court's order makes clear that it forfeited the bonds because the defendant failed to appear, not because of his criminal activity. The bonds guaranteed the defendant's appearance, so this forfeiture was entirely appropriate. *See* RSA 597:31.

■ Finally, the trial court sustainably exercised its discretion when it declined to hold an evidentiary hearing. We will not disturb an order denying a request for an evidentiary hearing unless a party establishes that it was clearly untenable or unreasonable to the prejudice of the party's case. *State v. Korean Methodist Church of N.H.*, 157 N.H. 254, 257 (2008). Here, the surety has failed to establish prejudice because, whatever a

hearing might have revealed, the defendant's incarceration in Vermont would nonetheless fall outside the circumstances under which RSA 597:30 permits discharging a surety.

*Affirmed.*

HICKS, CONBOY and LYNN, JJ., concurred.