3d Circuit Court — Ossipee District Division
No. 2011-732

## THE STATE OF NEW HAMPSHIRE v. ALAN LATHROP

Argued: November 8, 2012
Opinion Issued: December 21, 2012

*Michael A. Delaney,* attorney general (*Lisa L. Wolford,* attorney, on the brief and orally), for the State.

*Law Office of Joshua L. Gordon,* of Concord (*Joshua L. Gordon* on the brief and orally), for the defendant.

DALIANIS, C.J. The defendant, Alan Lathrop, appeals his conviction for driving while intoxicated (DWI) following a bench trial in the 3d Circuit Court — Ossipee District Division (*Varney,* J.). *See* RSA 265-A:2 (Supp. 2012) (amended 2012). He argues that the trial court erred in finding that Alderberry Lane in Moultonborough, where the accident resulting in his arrest occurred, is a "way" for purposes of the DWI statute. We affirm.

The following facts are derived from the record. In September 2010, the defendant was returning to his home on Alderberry Lane after having dinner and "a few drinks" at a Chinese restaurant. He failed to make the turn into his driveway and went off the road, over a concrete barrier, and into a utility box.

A couple visiting family on the street discovered the car with its door open and wheels spinning. Because the driver appeared to be unconscious, the couple called 911. Emergency responders and the Moultonborough police were dispatched to the scene. One of the officers approached the vehicle to try to elicit a response from the defendant. When he did so, he observed that the defendant's breath smelled strongly of alcohol, his speech was extremely slurred, his eyes were bloodshot, his face was flushed, and, after being removed from his vehicle, he could not walk on his own and had to be carried to the cruiser. As a result, the defendant was charged with "driv[ing] a vehicle, a 2000 Mercedes Benz 4-door, upon a way, Alderberry Lane, while under the influence of intoxicating liquor."

Before trial, the defendant presented notice of his demand for formal proof that Alderberry Lane is a "way" as defined in RSA 259:125 (Supp. 2012). *See* DIST. DIV. R. 1.22. The trial court determined that Alderberry Lane is a "way" for purposes of the DWI statute and found him guilty of DWI. This appeal followed.

Alderberry Lane is in a subdivision on Lake Winnipesaukee in Moultonborough. A large sign posted at the entrance identifies the community as: "Wildwood On Winnipesaukee[.] A Private Community." In addition, a sign nearby reads: "STOP[.] DO NOT ENTER[.] PRIVATE ROAD[.] MEMBERS & GUESTS ONLY." Although these signs indicate that Wildwood is privately-owned, no gates or bars prevent entrance to the community.

RSA 259:125, II defines "way," in pertinent part, as "any privately owned and maintained way open for public use." The sole issue on appeal is whether Alderberry Lane is "open for public use" and, therefore, a "way."

The interpretation of a statute is a question of law, which we decide *de novo. State v. Brooks*, 164 N.H. 272, 291 (2012). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Id.* We first examine the language of the statute, and, when possible, ascribe the plain and ordinary meanings to the words used. *State v. Moussa*, 164 N.H. 108, 128 (2012). Our goal is to apply statutes in light of the legislature's intent in enacting them and in light of the policy sought to be advanced by the entire statutory scheme. *State v. Brooks*, 164 N.H. at 292.

Focusing upon the private nature of the community, the defendant argues that Alderberry Lane is not "open for public use" because it is

posted against trespass and available for travel only to residents, guests, and specific invitees, such as delivery persons, municipal snow plow drivers, and emergency vehicles. As the defendant suggests, "open" can mean "requiring no special status, identification, or permit for entry or participation." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1579 (unabridged ed. 2002). Here, he maintains, because only members, guests, and a loosely defined category of invitees are permitted to use the road, it is not "open."

The State counters, however, that the question is not whether members of the public have the right to access the road but, rather, whether the road is open for public use. It asserts that the road is "open" because there is no physical impediment to enter the road and travel on it. Pointing to a dictionary definition of "open," the State contends that the road is "so arranged or governed as to permit ingress, egress, or passage" and, is, therefore, "open." *Id.*

We conclude that both proffered interpretations of the statute are reasonable in the context of this case and, therefore, the statute is ambiguous. *See Union Leader Corp. v. N.H. Retirement Sys.*, 162 N.H. 673, 677 (2011). Although signage indicates that the road is private, there is no barrier to entry. Hence members of the public may in fact drive on the road, even though they may not be authorized to do so.

■ "Where more than one reasonable interpretation of the statutory language exists, we review legislative history to aid our analysis." *Duquette v. Warden, N.H. State Prison*, 154 N.H. 737, 740 (2007). In 1981, the legislature, in an effort to close various "loopholes" and "get tough on DWI," made comprehensive changes to the DWI law. HOUSE JUDICIARY COMM. H'RG ON HB 354 (March 4, 1981) (reprinted in State's Appendix at 12); *see* Laws 1981, ch. 543. One of these changes was to expand the definition of "way" to include "private ways among the areas upon which persons may be convicted of DWI." N.H.H.R. JOUR. 110 (1981). In the hearings concerning the proposed legislation, private roads in lake developments were specifically referenced.

■ ■ We construe statutes to address the evil or mischief that the legislature intended to correct or remedy. *Appeal of Coastal Materials Corp.*, 130 N.H. 98, 103 (1987). Public safety requires that DWI statutes apply to any property to which the public has access. It would be contrary to legislative intent to construe the statute to provide that a private road in a lakeside community that is used by residents, guests, and select invitees is a DWI-free zone. Accordingly, we uphold the trial court's determination that Alderberry Lane is a "way."

We reject the defendant's contention that our decision today will adversely affect areas of law outside of the DWI statute. The application of the definition of "way" in RSA 259:125, II is specifically limited to four statutes — RSA 265:71, IV (Supp. 2012)(Additional Parking Regulations); RSA 265:79 (Supp. 2012)(Reckless Driving; Minimum Penalty); RSA 265-A:2, I (Supp. 2012)(Driving or Operating Under Influence of Drugs or Liquor; Driving or Operating With Excess Alcohol Concentration); and RSA 265-A:3 (Supp. 2012) (Aggravated Driving While Intoxicated). The hypothetical effect on other areas of the law is, therefore, unsupportable.

*Affirmed.*

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.