Rockingham
No. 2012-240

### THE STATE OF NEW HAMPSHIRE

v.

### ROBIN LUKAS

Argued: January 16, 2013
Opinion Issued: March 13, 2013

*Michael A. Delaney*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the brief and orally), for the State.

*James B. Reis*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Robin Lukas, appeals a decision of the Superior Court (*Lewis*, J.) denying her motion to dismiss the indictment against her for theft by unauthorized taking, RSA 637:3 (2007), a class B felony under RSA 637:11, II(b) (2007). We affirm.

The only issue on appeal is whether the defendant, having been twice previously convicted of a class A misdemeanor theft or felony theft in

another state, may be charged with class B felony theft as a third offense under RSA 637:11, II(b). This question requires us to engage in statutory interpretation, a question of law that we decide *de novo*. *State v. Marshall*, 162 N.H. 657, 661 (2011). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Duquette v. Warden, N.H. State Prison*, 154 N.H. 737, 740 (2007). We do not follow the common law rule that criminal statutes are to be strictly construed; rather, we construe them according to the fair import of their terms and to promote justice. *See State v. Moran*, 158 N.H. 318, 321 (2009); RSA 625:3 (2007).

Regardless of the value of the property stolen, RSA 637:11, II(b) makes a theft crime a class B felony if "[t]he actor has been twice before convicted of theft of property or services, as a felony or class A misdemeanor." "Felony" is defined as "murder or a crime so designated by statute within or outside this code or a crime defined by statute outside of this code where the maximum penalty provided is imprisonment in excess of one year." RSA 625:9, III (2007). "Class A misdemeanor" is defined as "any crime so designated by statute within or outside this code *and* any crime defined outside of this code for which the maximum penalty, exclusive of fine, is imprisonment not in excess of one year." RSA 625:9, IV(a) (Supp. 2012) (emphasis added).

▆▆ The defendant argues that her prior out-of-state convictions may not be considered for the purpose of the RSA 637:11, II(b) sentence enhancement because the legislature's intent in enacting this provision was to "exclude out-of-state convictions." We disagree. The relevant definitions of a felony and a class A misdemeanor evince a clear legislative intent to include theft crimes committed outside of New Hampshire as predicate offenses triggering the sentence enhancement of RSA 637:11, II(b). Any crime defined "outside" of the criminal code means any crime "beyond [its] limits." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1604 (unabridged ed. 2002). A theft statute in another state for which the maximum penalty is either "imprisonment in excess of one year," RSA 625:9, III, or "imprisonment not in excess of one year," RSA 625:9, IV(a), is plainly a statute "beyond the limits of" New Hampshire's criminal code. *Id.* The defendant's interpretation would require us to construe "outside of this code" to mean "outside of this code but within other laws of the State of New Hampshire" — a construction at odds with the oft-repeated maxim that courts may not add words to a statute that the legislature did not see fit to include. *State v. Pessetto*, 160 N.H. 813, 816 (2010). "We will not rewrite the statute; that is the province of the legislature." *Balke v. City of Manchester*, 150 N.H. 69, 73 (2003).

■ Having concluded that the plain language of RSA 637:11, II(b), together with RSA 625:9, III and IV(a), expresses the legislature's intent to include out-of-state theft convictions as predicate sentence enhancement offenses, we find the defendant's remaining arguments unavailing. The defendant contends, for example, that our decision in *State v. Cardin*, 102 N.H. 314 (1959), recognized the common law principle that, in her words, "a prior conviction ha[s] no effect beyond the limits of the jurisdiction where the judgment was rendered unless a statute expressly h[olds] otherwise." *But cf. People v. Hazelton*, 926 P.2d 423, 426-27 (Cal. 1996); *State v. Henderson*, 804 N.W.2d 723, 727 (Iowa Ct. App. 2011) (prior out-of-state convictions may be used as predicate offenses under enhanced penalty statute for "one who has before been twice convicted of theft," notwithstanding existence of other Iowa statutes explicitly providing for such use in other contexts (quotation omitted)). Because we have rejected the defendant's contention that RSA 637:11, II(b) lacks an express indication of the legislature's intent to include out-of-state criminal theft convictions as predicates for sentence enhancement, we necessarily reject her argument under *Cardin*.

The defendant also contends that "[t]he existence of other statutes specifically referring to out-of-state convictions indicates the legislature's intent to exclude out-of-state prior convictions where, as in RSA 637:11, II(b), their inclusion is not specified." Although she recites the principle of *expressio unius est exclusio alterius* (the mention of one thing excludes another), her argument is more aptly based upon our statement in *In re Guardianship of Williams* that "the legislature's choice of language is deemed to be meaningful, and that . . . whenever the legislature enacts a provision, it has in mind previous statutes relating to the same subject matter." *In re Guardianship of Williams*, 159 N.H. 318, 323 (2009) (quotation omitted). As the State correctly observes, "the statutes cited by the defendant are not referred to in RSA 637:11, II(b)," nor do they relate to the same subject matter — penalty enhancements for third theft offenses — as the one at issue. "We interpret legislative intent from the statute *as written* and will not consider what the legislature might have said . . . ." *Fog Motorsports #3 v. Arctic Cat Sales*, 159 N.H. 266, 268 (2009) (emphasis added); *see Henderson*, 804 N.W.2d at 727 (rejecting similar contention that the existence in one statute of explicit language authorizing use of prior out-of-state convictions for penalty enhancement implied legislative intent to prohibit use of out-of-state convictions for third-offense theft statute at issue). That a number of New Hampshire statutes refer to out-of-state convictions more explicitly than does the statute here at issue, *see, e.g.*, RSA 632-A:10, I (2007) (prohibiting those who have "been convicted in this or any other jurisdiction" of certain offenses from

engaging in child care services), does not alter the fact that the legislature chose the words "outside of this code" in RSA 625:9, III and IV(a). "[T]here is more than one way" for the legislature "to skin the cat." *Knight v. Comissioner*, 552 U.S. 181, 194 (2008).

Finally, the defendant contends that, "if any doubt or ambiguity survives" after undertaking statutory analysis, we "should apply the rule of lenity in favor of" her construction. Because we find no ambiguity in RSA 637:11, II(b), the rule of lenity does not apply. *State v. Brooks*, 164 N.H. 272, 291-92 (2012).

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.