Merrimack
No. 2012-527

JUSTIN CZYZEWSKI

v.

NEW HAMPSHIRE DEPARTMENT OF SAFETY

Submitted: March 14, 2013
Opinion Issued: June 5, 2013

---

*Desfosses Law Firm*, of Portsmouth (*Philip Desfosses* on the brief), for the petitioner.

*Michael A. Delaney*, attorney general (*David M. Hilts*, assistant attorney general, on the memorandum of law), for the respondent, New Hampshire Department of Safety.

HICKS, J. The petitioner, Justin Czyzewski, appeals a ruling of the Superior Court (*McNamara*, J.) denying his request for a declaration that, although he was convicted of attempted sexual assault, RSA 632-A:4 (Supp. 2012), he is not required to register as a sex offender under RSA chapter 651-B (2007 & Supp. 2012). We affirm.

The petitioner sought a ruling that he be "removed from the requirement to register" as a sex offender in New Hampshire. Although the record does not contain the details of his conviction for attempted sexual assault, RSA 632-A:4, the trial court noted that the petitioner "engaged in conduct in an online chat room with an undercover police detective, whom [he] believed to be a 13-year-old female." The petitioner now lives in Pennsylvania but, as the trial court stated, "was required to register as a sex offender [there]

because he would be required to register in New Hampshire." The trial court denied his petition, and he appeals.

In its current form, RSA 651-B:2, I (2007) requires "[e]very sexual offender or offender against children" to register with the department of safety. An "offender against children" means a person who commits any of:

> the following offenses, including an accomplice to, or an attempt, conspiracy, or solicitation to commit, any of the following offenses:
>
> (a) . . . where the victim was under the age of 18 at the time of the offense: . . . sexual assault, RSA 632-A:4, I(a) or RSA 632-A:4, III . . . .

RSA 651-B:1, VII(a) (Supp. 2012). The petitioner "concedes that his crime of conviction, attempted sexual assault, is encompassed within" the definition of an "[o]ffense against a child" under RSA 651-B:1, VII(a). Because the State does not dispute that concession, we assume that his conviction was for an attempt to violate either RSA 632-A:4, I(a) or :4, III.

The interpretation and application of RSA 651-B:1 and :2 present questions of law, which we review *de novo. In re Athena D.*, 162 N.H. 232, 235 (2011). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Thiel*, 160 N.H. 462, 465 (2010). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *In re Athena D*, 162 N.H. at 235. "When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent." *Phaneuf Funeral Home v. Little Giant Pump Co.*, 163 N.H. 727, 731 (2012). We do not strictly construe criminal statutes, but rather construe them according to the fair import of their terms and to promote justice. *State v. Moran*, 158 N.H. 318, 321 (2009); *see* RSA 625:3 (2007). Finally, we interpret statutes in the context of the overall statutory scheme, not in isolation. *State v. McGurk*, 163 N.H. 584, 587 (2012).

The petitioner argues that RSA chapter 651-B does not require him to register because the phrase " 'where the victim was under [the age of] 18 at the time of the offense' does not include his crime of conviction where there was no actual victim." Because his attempt was aimed at a police officer rather than an "actual victim," he contends that his crime does not fall within the registration requirement of RSA 651-B:1, VII.

We cannot subscribe to the petitioner's statutory interpretation. The petitioner's interpretation reads the word "victim" in isolation instead of in light of the statute's prefatory language. The prefatory language includes attempt crimes. By their very nature, attempt crimes are not completed

crimes. As such, they may not involve an actual victim. *See People v. Buerge*, 240 P.3d 363, 367 (Colo. Ct. App. 2009).

■ ■ "A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission to act constituting a substantial step toward the commission of the crime." RSA 629:1, I (2007). Therefore, to be guilty of an attempt to commit a crime an actor need only *intend* to commit the crime and take a step that, under the circumstances as the actor believes them to be, is "strongly corroborative of the actor's criminal purpose." *Model Penal Code and Commentaries* § 5.01(2) (1985); *see In re Alex C.*, 161 N.H. 231, 240 (2010) (we look to Model Penal Code and its commentaries to interpret our Criminal Code because it is largely derived from Model Penal Code).

■ "In attempt crimes, there may be no victim because the perpetrator has only taken a substantial step toward, but has not completed, the crime." *Buerge*, 240 P.3d at 367. An actual "victim" — meaning, one who has been "subjected to . . . suffering," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2550 (unabridged ed. 2002) — is not an element of an attempt crime.

■ ■ Because the prefatory language to the statute includes attempt crimes, we must construe the phrase "where the victim was under the age of 18" in light of that language. We must construe the phrase in the context of the overall statutory scheme. *McGurk*, 163 N.H. at 587. In context, therefore, the phrase cannot refer only to crimes in which there is an *actual* victim under the age of eighteen, but must also refer to attempt crimes in which the offender subjectively believed that such a victim existed. Thus, all that is required here is that the petitioner entertained a subjective — albeit incorrect — belief that he was going to meet a minor and commit the elements that constitute his crime of conviction.

The only way to construe the text of RSA 651-B:1, VII(a) to require an "actual victim" would be to distinguish between those caught in police sting operations, whose crimes typically have no "actual victims," and those who take a substantial step in targeting an "actual victim," but do not complete the crime. There is no indication in the statute that the legislature intended either to categorize attempt crimes in this way or to benefit a category of manifestly dangerous criminals for no other reason than the fortuitous fact that their intended victims turned out to be undercover police officers. *See People v. DeDona*, 954 N.Y.S.2d 541, 543 (App. Div. 2012) (rejecting argument "that a law enforcement officer posing as an underage child on the Internet is not a 'victim' as contemplated by" New York's Sex Offender

Registration Act); *Colbert v. Com.*, 624 S.E.2d 108, 113 (Va. Ct. App. 2006) (noting that a person who solicits sex from a person believed to be a minor but who is in fact an undercover police officer "is indistinguishable from one committing the same offense whose sexual solicitations were actually received by a minor"); *Spivey v. State*, 619 S.E.2d 346, 351 (Ga. Ct. App. 2005) (noting that Georgia sex offender registry statute "cannot be interpreted reasonably" to create such a distinction).

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.