NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEYRIN ESTUARDO PINEDA-ORTIZ; ENMA LEONOR AQUINO-HERNANDEZ; Y.L.P.A.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4136

Agency Nos.
A220-319-175
A220-319-127
A220-319-126

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.***

Enma Leonor Aquino-Hernandez ("Petitioner"), her spouse Deyvin Estuardo

Pineda-Ortiz ("Pineda-Ortiz"), and their minor child Y.L.P.A., natives and citizens

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order affirming the immigration judge's ("IJ") order denying Petitioner's

application for asylum and withholding of removal.[1]  Pineda-Ortiz and Y.L.P.A.

are derivative beneficiaries of Petitioner's asylum application.  We have

jurisdiction under 8 U.S.C. § 1252(a)(1).  We deny the petition.

1.     The record does not compel the conclusion that the Guatemalan

government was or would be unable or unwilling to control Petitioner's brother

Eduardo.  The police detained Eduardo each time they were alerted that Eduardo

was harming Petitioner.  *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021)

(A "government is not 'unable or unwilling' to control violent nonstate actors

when it demonstrates efforts to subdue said groups.").  Although the police

released Eduardo without charges after each arrest, the police could not keep him

in custody indefinitely because Petitioner did not press charges against Eduardo.

The police consistently acted on Petitioner's behalf and exercised the full extent of

their legal powers to control Eduardo.  The police were not "unable or unwilling to

control" Eduardo simply because Petitioner did not give the police specific

information permitting an investigation or arrest.  *See Doe v. Holder*, 736 F.3d

---

[1] Because arguments in the opening brief address only Petitioner's eligibility for asylum and withholding of removal, Petitioner has waived consideration of Pineda-Ortiz's claims, Y.L.P.A.'s claims, and her claim under the Convention Against Torture.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

871, 878 (9th Cir. 2013). Because Petitioner's mother did not allow Petitioner to press charges or file a complaint against Eduardo, Petitioner could not expect the police to do more than what they did.

2. The agency's finding regarding the Guatemalan government's willingness and ability to control Eduardo was a sufficient basis to deny Petitioner's application for asylum and withholding of removal. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020). We therefore do not address Petitioner's other contentions.

**PETITION DENIED.**

23-4136