Personnel Appeals Board
No. 96-085

APPEAL OF EDWARD A. BOULAY

(New Hampshire Personnel Appeals Board)

March 5, 1998

*Cook & Molan, P.A.*, of Concord (*Shawn J. Sullivan* on the brief and orally), for the petitioner.

*Philip T. McLaughlin*, attorney general (*Jennifer Brooks Gavilondo*, attorney, on the brief and orally), for the State.

BROCK, C.J. The petitioner, Edward A. Boulay, appeals the decision of the New Hampshire Personnel Appeals Board (board) denying him back pay and benefits. The New Hampshire Technical Institute (NHTI) cross-appeals the board's decision to reinstate the petitioner. We affirm in part, reverse in part, and remand.

The petitioner, a professor of biological sciences, was terminated from his employment at NHTI on January 5, 1993. NHTI terminated the petitioner pursuant to NEW HAMPSHIRE ADMINISTRATIVE RULES, Per 1001.08(b), for violating New Hampshire's Sexual Harassment Policy. His termination followed a series of communications between the petitioner and his superiors at NHTI regarding his improper conduct. On November 12, 1992, the petitioner received a performance evaluation in which his supervisor documented three sexually inappropriate comments made by the petitioner. The following day, NHTI notified the petitioner that he would be suspended with pay from November 16, 1992, through December 22, 1992, while NHTI investigated sexual harassment allegations against him. On December 14, 1992, NHTI provided the petitioner with a statement of misconduct and a summary of the results of NHTI's investigation into the petitioner's alleged sexual harassment. The petitioner responded to the charges in writing. On January 5, 1993, he was terminated from employment at NHTI.

After a hearing, the board overturned the petitioner's termination and conditionally reinstated him, but denied him back pay and benefits. The board found that although the petitioner's conduct constituted sexual harassment, NHTI's failure to notify him that his job was in jeopardy rendered his immediate termination inappropriate. The petitioner appealed, requesting back pay and retroactive benefits. The State cross-appealed, seeking to reverse the board's decision and uphold the petitioner's termination.

"While deference is accorded to an agency's interpretation of its regulations, that deference is not total." *Appeal of Morin*, 140 N.H. 515, 518, 669 A.2d 207, 209 (1995). We will overturn an agency decision when there is an error of law, or when the order is unjust

or unreasonable by a clear preponderance of the evidence. RSA 541:13 (1997); *Appeal of Booker*, 139 N.H. 337, 339-40, 653 A.2d 1084, 1086 (1995).

■ The petitioner argues that NHTI violated Per 1001.08(f)(1) and Per 1001.08(f)(4) by failing to provide him with all of the evidence it relied upon in terminating his employment. Per 1001.08(f) provides that

> [n]o appointing authority shall dismiss a classified employee under this rule until the appointing authority . . . meets with the employee to discuss *whatever evidence* the appointing authority believes supports the decision to dismiss the employee prior to issuing notice of dismissal . . . [and] lists the evidence the appointing authority used in making the decision to dismiss the employee . . . .

N.H. ADMIN. RULES, Per 1001.08(f)(1), (4) (emphasis added). The petitioner argues that because NHTI violated this administrative rule, he should be reinstated and awarded back pay and benefits pursuant to RSA 21-I:58 (Supp. 1997). RSA 21-I:58 provides that when an agency violates an administrative rule, "the employee shall be reinstated without loss of pay." The petitioner essentially argues that "pay" includes benefits, and the State does not dispute this. Thus, we will assume without deciding that, for purposes of this case, "pay" includes benefits.

Although NHTI officials met with the petitioner on various occasions, they failed to provide him with all of the evidence on which they based their decision to dismiss him. The only evidence NHTI gave the petitioner was a statement of misconduct and a short summary of its investigation. NHTI withheld several documents containing important details of the investigation, including names of complainants, dates, and specific details of the alleged misconduct. NHTI did not release these documents to the petitioner until just prior to his hearing before the board. NHTI's failure to provide the petitioner with this information prior to his dismissal violated Per 1001.08(f)(1) and (4). *See Ackerman v. Ambach*, 530 N.Y.S.2d 893, 894 (App. Div. 1988) ("The dates and nature of the alleged misconduct must be sufficiently precise, when considered with information available to the charged individual, to allow the presentation of an intelligent defense.").

■ The board indicated that it was "not persuaded to over-turn the termination solely on the basis of the Institute's alleged violation of Per 1001.08(f)." Instead, the board reinstated the

petitioner based on NHTI's failure to provide him with adequate notice. While we agree with the board's decision to reinstate the petitioner, we conclude on the record before us that NHTI violated Per 1001.08(f). Because NHTI violated this administrative rule, the petitioner is also entitled to back pay and benefits pursuant to RSA 21-I:58. Accordingly, we remand for a determination of back pay and benefits.

*Affirmed in part; reversed in part; remanded.*

All concurred.