Personnel Appeals Board
No. 99-173

## APPEAL OF KURK FLYNN

### (New Hampshire Personnel Appeals Board)

November 20, 2000

*Michael C. Reynolds*, general counsel, State Employees' Association of New Hampshire, Inc., of Concord, by brief and orally, for the petitioner.

*Philip T. McLaughlin*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the State.

NADEAU, J. The petitioner, Kurk Flynn, is a Fire Fighter I employed by the department of the adjutant general (department), an agency of the State of New Hampshire. He appeals a decision of the personnel appeals board (board) upholding the department's decision to adjust his seniority date for two days spent on involuntary disciplinary suspension. We reverse.

The facts are undisputed. The petitioner was disciplined for reasons not disclosed in the record, and was placed on a two-day suspension without pay. Following the suspension, the department adjusted the petitioner's seniority date forward to reflect the two days of suspension. The petitioner appealed to the board. *See* RSA 21-I:58 (1988 & Supp. 1999).

Based upon the pleadings, the board ruled that the department had properly adjusted the petitioner's seniority date pursuant to New Hampshire Administrative Rules, Per 701.01. The petitioner's motion to reconsider was denied, and this appeal followed. *See* RSA 21-I:58, II; RSA 541:6.

The only rule cited by the parties as applicable to the calculation of seniority dates for State employees is Per 701.01, which states in part:

> *Seniority Based on Full Time Employment.*
>
> . . . .
>
> (b) Full-time employment shall be calculated on the basis of years, months, and days of service, except that any days, months, or years of leave without pay for personal or educational purposes shall not be counted toward seniority.

N.H. ADMIN. RULES, Per 701.01.

"We will overturn an agency decision when there is an error of law, or when the order is unjust or unreasonable . . . ." *Appeal of Boulay*, 142 N.H. 626, 627-28, 706 A.2d 678, 679 (1998); *see* RSA 541:13 (1997). In construing rules, as in construing statutes, "where possible, we ascribe the plain and ordinary meanings to words used." *Milette v. N.H. Retirement System*, 141 N.H. 342, 345, 683 A.2d 531, 532-33 (1996) (quotation omitted); *cf.* 1 K. DAVIS & R. PIERCE, ADMINISTRATIVE LAW TREATISE § 6.10, at 281-82 (3d ed.

1994); 2 AM. JUR. 2D *Administrative Law* § 527 (1994). "While deference is accorded to an agency's interpretation of its regulations, that deference is not total." *Appeal of Morin*, 140 N.H. 515, 518, 669 A.2d 207, 209 (1995).

We conclude that it is unreasonable to categorize an involuntary, unpaid suspension as leave without pay for "personal" purposes. No reasonable person would anticipate that such a suspension would be so classified. Unlike "educational leave," which is defined in New Hampshire Administrative Rules, Per 102.27, "personal leave" is undefined. The only helpful reference to personal leave that we find in the rules is the definition of "annual leave," which means "time off for vacation or other personal business." N.H. ADMIN. RULES, Per 102.04.

■ The rule adjusting seniority time for "personal or educational purposes" focuses upon time devoted to the employee's purposes. In addition, a disciplinary suspension without pay is not leave. It is involuntary absence from work for the employer's purposes. *See* N.H. ADMIN. RULES, Per 102.60. Thus, we find the board's interpretation of the rule unreasonable. Accordingly, we reverse.

*Reversed.*

HORTON, BRODERICK, and DALIANIS, JJ., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.