NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Personnel Appeals Board
No. 2017-0515

APPEAL OF NICOLE COLLINS
(New Hampshire Personnel Appeals Board)

Argued:  April 19, 2018
Opinion Issued:  June 8, 2018

State Employees' Association of New Hampshire, Inc., of Concord (Glenn R. Milner on the brief, and John Krupski orally), for the petitioner.

Gordon J. MacDonald, attorney general (Jill A. Perlow, assistant attorney general, on the brief and orally), for the New Hampshire Department of Health and Human Services.

LYNN, C.J.  The petitioner, Nicole Collins, appeals the decision of the New Hampshire Personnel Appeals Board (board) upholding the New Hampshire Department of Health and Human Services' (HHS) decision to dismiss her from employment.  We affirm.

The petitioner began working at HHS in June 2007.  She was employed as an administrative supervisor at the time of her dismissal.  Prior to her termination, she was given letters of warning in April, October, and November 2015, for failing to meet various work standards and working unauthorized overtime.  On April 7, 2016, pursuant to New Hampshire Administrative Rules,

Per 1002.08(d) (Per 1002.08(d)), the petitioner attended an "intent to discipline" meeting (meeting) with her regional manager and the chief of operations. At this meeting, the regional manager read from prepared notes outlining evidence, including the precise case files, dates, and instances, that she believed supported a decision to dismiss the petitioner. The petitioner had an opportunity to refute this evidence at the meeting. According to the petitioner, at the meeting, she also requested the documentation that HHS was relying upon in making its decision to terminate her, but HHS did not provide her with the documents at that time. On April 20, HHS issued a letter of dismissal, which included over 100 pages of evidence supporting the decision. The petitioner appealed this decision to the board.

In her appeal to the board, the petitioner argued that HHS violated Per 1002.08(d) and our decision in Appeal of Boulay, 142 N.H. 626 (1998), when HHS did not provide her with the documents to support its dismissal decision at the meeting. The board conducted a hearing and found that the petitioner's dismissal was lawful. The petitioner filed a motion for rehearing, which the board denied. This appeal followed.

RSA chapter 541 (2007) governs our review of the board's decisions. Appeal of Alexander, 163 N.H. 397, 400 (2012). Under RSA 541:13, we will not set aside the board's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. RSA 541:13. The board's findings of fact are presumed prima facie lawful and reasonable. Id. In reviewing the board's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. See In the Matter of Bloomfield, 166 N.H. 475, 478 (2014). We review de novo the board's rulings on issues of law. See Appeal of Alexander, 163 N.H. at 401.

On appeal, the petitioner argues that HHS failed to comply with Per 1002.08(d) and Appeal of Boulay when it did not give her the documentation, at the meeting, that it relied upon in terminating her employment. Per 1002.08(d) states:

> No appointing authority shall dismiss a classified employee under this section until the appointing authority:
>
> (1) Offers to meet with the employee to discuss whatever evidence which the appointing authority believes supports the decision to dismiss the employee;
>
> (2) Offers to provide the employee with an opportunity to refute the evidence presented by the appointing authority provided, however:

2

a. An employee's failure to respond to a request for a meeting with the appointing authority shall not bar the appointing authority from dismissing an employee pursuant to this part; and

b. An employee's refusal to meet with the appointing authority shall not bar the appointing authority from dismissing an employee pursuant to this part; and

(3) Documents in writing the nature and extent of the offense.

N.H. Admin. R., Per 1002.08(d). In exercising its discretion, an administrative agency must follow its own rules and regulations. Appeal of Morin, 140 N.H. 515, 518 (1995). While deference is accorded to an agency's interpretation of its regulations, that deference is not total. Id. A reviewing court must still examine whether the agency's interpretation is consistent with the language of the regulation and with the purpose which the regulation was intended to serve. Id.

The petitioner relies upon our decision in Appeal of Boulay to argue that Per 1002.08(d) required HHS to provide her with the documentation, at the meeting, that supported its decision to terminate her employment. The State counters that "[t]here is no such requirement stemming from the holding in Boulay and [HHS's] actions were consistent with the requirements of Boulay." We agree with the State.

In Appeal of Boulay, the petitioner was terminated from his employment at the New Hampshire Technical Institute (NHTI) for violating New Hampshire's sexual harassment policy. Appeal of Boulay, 142 N.H. at 627. Prior to his termination, NHTI officials met with the petitioner on various occasions, but only provided him with "a statement of misconduct and a short summary of [NHTI's] investigation." Id. at 628. The board overturned his termination and conditionally reinstated him, but denied him back pay and benefits. Id. at 627. The petitioner appealed the denial of back pay and benefits to this court, arguing that NHTI violated the administrative rule, Per 1001.08(f),[1] by failing to provide him with all of the evidence it relied upon in terminating his employment. Id. at 628. We agreed with the petitioner and found that the information provided was insufficient because NHTI failed to provide "important details of the investigation, including names of complainants, dates, and specific details of the alleged misconduct." Id.

---

[1] This is the prior version of Per 1002.08(d) that was in place when Appeal of Boulay was decided. We note that the language of Per 1002.08(d) does not precisely mirror the language of former Per 1001.08(f). However, the parties appear to agree that Appeal of Boulay should guide our interpretation of Per 1002.08(d), and they only dispute whether HHS's actions complied with our decision in that case. Accordingly, we assume without deciding that our decision in Appeal of Boulay controls our interpretation of Per 1002.08(d).

As illustrated by <u>Appeal of Boulay</u>, the purpose of Per 1002.08(d) is to provide adequate notice to the petitioner regarding the reasons why dismissal is warranted. <u>Id</u>. In <u>Appeal of Boulay</u> it was not NHTI's failure to produce the physical documents that violated Per 1001.08(f); rather, it was NHTI's failure to produce the specific information contained within those documents. <u>See id</u>. Thus, neither <u>Appeal of Boulay</u> nor the New Hampshire Administrative Rules required HHS to provide supporting documentation to the petitioner at the meeting, so long as HHS provided adequate notice regarding the reasons for its decision.

In this case, although the petitioner was not given documents at the meeting, her regional manager read verbatim from five pages of notes to provide specific details supporting the dismissal decision. Unlike in <u>Appeal of Boulay</u>, the petitioner's manager provided precise details — including names and dates — pertaining to instances when the petitioner failed to meet a deadline, follow specific directives, obtain approval for overtime, and act appropriately and professionally. The petitioner contends that, because she was not given copies of the documents at the meeting, she did not have a "meaningful opportunity to refute" the evidence presented. However, the petitioner acknowledged before the board that the evidence contained in the dismissal letter included the evidence discussed with her at the meeting. Thus, the petitioner here had specific evidence regarding the reasons she was being terminated and could attempt to refute this evidence, which, based upon our review of the record, she made some effort to do. The meeting was detailed, thorough, and complied with <u>Appeal of Boulay</u> and the requirement of Per 1002.08(d) to "meet with the employee to discuss whatever evidence which the appointing authority believes supports the decision to dismiss the employee." <u>N.H. Admin. R.</u>, Per 1002.08(d)(1). Accordingly, the petitioner has failed to demonstrate that the board's affirmation of HHS' dismissal decision was unreasonable or unlawful.

To the extent the petitioner also argues that the board failed to analyze Per 1002.08(d) "as applied to the facts of this case," we disagree. The board's decision on the petitioner's motion for rehearing stated that "[d]uring thoughtful and thorough deliberations, the [b]oard considered the parties' pleadings, evidence, the testimony of the parties and witnesses, and arguments, including the [petitioner's] argument relative to a violation of Per 1002.08(d)(1) & (2)." Thus, the board analyzed Per 1002.08(d) as applied to the facts of the case.

<u>Affirmed</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.